UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DONYELLE CLAYTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action File No.: |
| | ) **JURY TRIAL DEMANDED** |
| **GLOVIS ALABAMA,** | ) |
| **L.L.C.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff **Donyelle Clayton** brings this complaint for relief and damages against Defendant **Glovis Alabama**, **L.L.C.,** based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1. This action to correct unlawful employment practices by Glovis Alabama, L.L.C., ("Glovis" or "Defendant"), arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-3(a).

2. Plaintiff Donyelle Clayton ("Ms. Clayton" or "Plaintiff") alleges that Glovis unlawfully terminated her in retaliation for engaging in protected activity under Title VII, specifically her complaint to human resources personnel that her supervisor treated her in a hostile manner and demonstrably worse than her male colleagues. Ms. Clayton was abruptly fired approximately one week after her last complaint to human resources on the vague grounds that she was "no longer a good fit" for the company.

3. To address Glovis's retaliatory conduct, Ms. Clayton seeks economic damages of back pay, front pay, lost benefits; compensatory damages for emotional distress and mental

1

anguish; as well as her attorneys' fees and costs of litigation.

## THE PARTIES

4. Ms. Clayton at all times relevant to this complaint was employed by Glovis in Montgomery, Alabama.

5. Glovis is a production logistics company headquartered in Montgomery, Alabama.

## PERSONAL JURISDICTION

6. Glovis is subject to service at the location of its registered agent, Michelle Yarbrough, at 300 Hyundai Blvd., Montgomery, Alabama, 36105.

## SUBJECT-MATTER JURISDICTION AND VENUE

7. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

8. Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in this district and division and the acts or omissions giving rise to the claim occurred in the same venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Ms. Clayton filed a charge of discrimination and retaliation against Glovis with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 420-2025–00925. A copy is attached as Exhibit A.

10. Ms. Clayton received a right-to-sue letter on March 6, 2025. A copy is attached as Exhibit B.

11. Ms. Clayton timely files her Title VII claim.

## FACTUAL ALLEGATIONS

12. Glovis is a production logistics company that provides support to Hyundai Motor Manufacturing Alabama, LLC ("Hyundai") and its parts suppliers.

13. Ms. Clayton was hired by Glovis in or about May 2005 as a Team Member and

eventually promoted to an Assistant Manager position in Hyundai's engine shop.

14. Ms. Clayton was a good employee and performed her job as an Assistant Manager in a satisfactory manner.

15. In 2023, Mr. Steve Lee became the Head of Department ("HOD") over Ms. Clayton.

15. Prior to Mr. Lee's placement as the HOD, Ms. Clayton was not subject to individual disciplinary actions and/or write-ups in her role as Assistant Manager.

16. Not long after Mr. Lee became Ms. Clayton's supervisor, Mr. Lee began speaking to Ms. Clayton in a derogatory manner, and he consistently criticized her work performance.

17. On numerous occasions, Mr. Lee loudly admonished Ms. Clayton in front of other colleagues, including for apparent issues beyond her control.

18. Ms. Clayton suffered humiliation as a result of Mr. Lee's verbal abuse towards her.

19. Ms. Clayton observed that Mr. Lee did not treat her similarly-situated male colleagues in the same degrading and unprofessional manner.

20. Ms. Clayton's male counterpart, Mr. Terrence Spear, was another Manager under Mr. Lee, and Mr. Spear worked on the second shift.

21. Despite the fact that Ms. Clayton had seniority over Mr. Spear, Mr. Lee attempted to change Ms. Clayton's schedule so that she would work second shift and he could instead work with Mr. Spear during first shift.

22. Upon information and belief, Mr. Spear did not want to work first shift.

23. Having been the recipient of Mr. Lee's hostile and sexist treatment towards her since he joined the department in 2023, in August 2024, Ms. Clayton requested a meeting with

human resources ("HR") representative Barbara Williams to complain about Mr. Lee's treatment of her, including his attempts to change her schedule so that he did not have to work directly with her and instead could work directly with her male colleague, Mr. Spear.

24. When Ms. Clayton arrived for her meeting with Ms. Williams, Mr. Lee was already in the room, along with Ms. Michelle Yarborough (Glovis's in-house legal counsel), and Mr. Spear.

25. Ms. Clayton was shocked to see Mr. Lee and Mr. Spear at the meeting given that she intended to discuss with Ms. Williams Mr. Lee's hostile treatment towards her based on her sex and his attempts to switch her and Mr. Spear's schedules.

26. Ms. Clayton believed that Mr. Lee's and Ms. Yarborough's presence at the meeting was intended to intimidate her and to frustrate the complaint process.

27. Before Ms. Clayton was able to relay her complaint to Ms. Williams, Mr. Lee handed Ms. Clayton a write-up for alleged tardiness, despite the fact that Ms. Clayton consistently worked her shifts, which often included working overtime.

28. In fact, based on Ms. Clayton's long tenure at Glovis, she knew that supervisors and managers were rarely written up for being tardy.

29. Despite Glovis's attempt to silence Ms. Clayton during the meeting with HR, she nonetheless lodged a complaint with Ms. Yarborough and Ms. Williams against Mr. Lee, explicitly stating that she believed Mr. Lee's hostile behavior towards her and the new write-up were directed at her because of her gender.

30. In response, and without any investigation whatsoever, Ms. Yarborough and Ms. Williams dismissed Ms. Clayton's complaint and concerns that Mr. Lee's hostile treatment towards her was based on her sex.

31. Without any intervention from Glovis's in-house legal counsel or its HR

representative, Mr. Lee's hostile and disrespectful treatment towards Ms. Clayton continued.

32. After the aforementioned meeting and her complaint of sex-based harassment, Mr. Lee retaliated against Ms. Clayton by restricting her ability to work overtime, which she regularly worked as part of her schedule prior to her complaint.

33. Without the ability to work overtime, Ms. Clayton was not able to earn as much in compensation as her male counterpart Mr. Spear, whose schedule did not change.

34. In October 2024, Mr. Lee's aggressive behavior escalated to the point that he chastised Ms. Clayton so loudly and aggressively that a nearby coworker offered to call security to remove him from the building.

35. After this incident, Ms. Clayton lodged another complaint with HR regarding Mr. Lee's hostile treatment towards her, and, once again, Glovis failed to act on her complaint.

36. On or about October 22, 2024, after approximately 19 years of dedicated service with Glovis, Glovis terminated Ms. Clayton on the grounds that she was "no longer a good fit" for the company.

## CAUSE OF ACTION

## COUNT I

**(Retaliatory termination in violation of Title VII, 42 U.S.C.A. § 2000e-3(a))**

37. Plaintiff Donyelle Clayton incorporates by reference the preceding paragraphs of this complaint as though set forth fully and separately herein.

38. Plaintiff engaged in protected activity in that she explicitly complained to HR and to Defendant's in-house legal counsel that her supervisor Mr. Lee treated her in a hostile and derogatory manner compared to his treatment of her similarly-situated male colleagues.

39. But for Plaintiff's protected activity, she would not have been terminated.

40. As a result of the retaliatory conduct by Glovis, Plaintiff Clayton has suffered

5

monetary damages, including but not limited to back pay and front pay; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

## **PRAYER FOR RELIEF**

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law under Title VII.

C. Attorneys' fees and costs of litigation.

D. Pre-judgment and post-judgment interest at the highest lawful rate.

E. Such other equitable and monetary relief as the court deems just and proper.

F. A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights and that Defendant shall refrain from future unlawful discriminatory and retaliatory conduct in its employment practices.

Respectfully submitted the 4th day of June, 2025.

**HKM Employment Attorneys LLP**

*s/Artur Davis* Artur
Davis ASB-3672-
D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

Jerilyn E. Gardner[1]
Georgia Bar No. 139779
3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-446-9544

---

[1] Jerilyn E. Gardner will promptly file for admission *pro hac vice* as an attorney of record in this action. Ms. Gardner is licensed in the state of Georgia.

jgardner@hkm.com

**Counsel for Plaintiff Donyelle Clayton**